Noel Estuardo TUCHEZ–ORDONEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74508.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tamiko Moore, Esquire, Law Office of Tamiko O. Moore, San Francisco, CA, for Petitioner.

David E. Dauenheimer, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Noel Estuardo Tuchez–Ordonez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision de-

---

** This disposition is not appropriate for publication and is not precedent except as provid-

nying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to consider Tuchez–Ordonez's contention that he established eligibility for asylum because he withdrew his application for asylum as untimely and, therefore, did not exhaust this issue before the agency. *See* 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

■ Substantial evidence supports the IJ's adverse credibility determination because Tuchez–Ordonez's asylum application omitted any reference to police participation in the 1997 incidents, and the police's participation was more than a detail, it formed the basis of Tuchez–Ordonez's claim of persecution on account of a protected ground. *See Li,* 378 F.3d at 962. Accordingly, Tuchez–Ordonez's withholding of removal claim fails.

Because Tuchez–Ordonez's CAT claim is based on the same testimony the IJ found not to be credible, and Tuchez–Ordonez points to no other evidence the IJ should have considered, he has failed to establish that the record compels a finding of eligibility for CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Tuchez–Ordonez's contention that the BIA violated due process by streamlining his case is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir. 2003).

ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.